# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose Hernando Toledo-Ortega,<br><br>Petitioner,<br><br>v.<br><br>Immigration and Customs Enforcement; Department of Homeland Security; and Joel Brott, Sherburne County Sheriff,<br><br>Respondents. | Case No. 20-cv-952 (SRN/KMM)<br><br>**ORDER** |

Albert I. Usumanu, 4020 Minnehaha Ave., Ste. 2075, Minneapolis, MN 55406, for Petitioner.

Adam J. Hoskins, Ana H. Voss, and Ann M. Bildtsen, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for a Preliminary Injunction [Doc. No. 9] filed by Petitioner Jose Hernando Toledo-Ortega. For the reasons set forth below, the Court denies Petitioner's motion.

### I.   BACKGROUND

Toledo-Ortega, who is 34 years old, is a citizen of Ecuador. (O'Denius Decl. [Doc. No. 8], Ex. A at 5.) On December 19, 2019, he was arrested by officers with the United States Immigration and Customs Enforcement Agency ("ICE") at the Anoka County Government Center, where he had appeared in response to a Driving While Intoxicated charge. (O'Denius Decl. ¶ 5.) Also on December 19, Toledo-Ortega was served with a

Notice to Appear, alleging a violation of the Immigration and Nationality Act § 212(a)(6)(A)(i), as an alien present in the United States without admission or parole, and was taken into custody. (*Id.* ¶ 6 & Ex. A at 1.)

In January 2020, Toledo-Ortega had his first appearance before the Immigration Judge. (O'Denius Decl. ¶ 7.) On February 27, 2020, the Immigration Judge ordered that he be removed from the United States, and denied relief from removal. (*Id.* ¶ 8 & Ex. B.) Petitioner reserved the right to file an appeal with the Board of Immigration Appeals ("BIA"), which was due on March 30, 2020. (O'Denius Decl. ¶ 8.)

On April 1, 2020, the BIA rejected Petitioner's Notice of Appeal due to his failure to file a proper fee or fee waiver. (*Id.* ¶ 9.) The removal order became administratively final as of March 31, 2020. (*Id.* & Ex. C.) Consequently, since March 31, 2020, ICE has held Toledo-Ortega in custody pending his removal, pursuant to 8 U.S.C. § 1231. (O'Denius Decl. ¶ 10.)

On April 15, 2020, Toledo-Ortega filed a habeas petition pursuant to 28 U.S.C. § 2241, seeking his immediate release from ICE detention at the Sherburne County Jail, due to the COVID-19 pandemic. (Pet. [Doc. No. 1] at 7.) He asserts that he is particularly vulnerable to infection due to persistent nose bleeding, breathing problems, and headaches, and Respondents have been deliberately indifferent to, or have violated, his right to safety. (*Id.* at 3.)

On April 20, 2020, in Immigration Court, Petitioner filed a Motion to Reopen Based on Changed Country Conditions. (O'Denius Decl. ¶ 12.) The filing of such a motion does

not automatically stay removal, and Toledo-Ortega did not request a stay in connection with his filing. (Supp'l O'Denius Decl. [Doc. No. 15] ¶¶ 9–11.)

As of April 27, 2020, ICE determined that there was a significant likelihood of Petitioner's removal in the reasonably foreseeable future, as he has a valid Ecuadorian passport, and ICE had a charter flight departing for Ecuador in May. (O'Denius Decl. ¶ 11.)

On April 29, 2020, Petitioner was transferred to the Kandiyohi Jail in Willmar, Minnesota, (O'Denius Supp'l Decl. ¶ 14), and he filed the instant Motion for a Preliminary Injunction. He asserts that ICE planned to remove him on April 29, 2020 from the District of Minnesota, "thereby violating his constitutional right to reopen his removal proceedings based on changed country conditions in the country of removal." (Pet'r's Mot. for Prelim. Inj. at 1.) Attached to his motion are news articles from April 2020, describing the outbreak of COVID-19 in Ecuador. (*Id.* at 1–2 & Attachment to Mot.) Toledo-Ortega requests that the Court enjoin Respondents from removing him from this District, "as well as immediate release from unconstitutional confinement." (Pet'r's Mot. for Prelim. Inj. at 2; 7.)

Also on April 29, 2020, the undersigned judge presided over a hearing, via teleconference, on Petitioner's Motion for a Preliminary Injunction. (Apr. 29, 2020 Minute Entry [Doc. No. 12].) At the hearing, counsel for the Government agreed to maintain the status quo and not execute Petitioner's removal until the Court had the opportunity to rule on his motion for injunctive relief. (*See id.*) The Court directed the parties to file supplemental memoranda and scheduled an additional hearing for May 26, 2020. (*Id.*)

On May 6, 2020, the Immigration Judge denied Petitioner's Motion to Reopen. The Immigration Judge rejected his argument that the Ecuadorian government would be unable to protect him from COVID-19, and concluded that he had not presented a prima facie case for relief. (O'Denius Supp'l Decl., Ex. A at 2.) Petitioner has not appealed the Immigration Judge's decision, (O'Denius Supp'l Decl. ¶ 8), but if he were to appeal, the appeal would not automatically stay the removal process pending a decision from the BIA. (*Id.* ¶ 7.) To date, Toledo-Ortega has not requested an administrative stay of removal, Form I-246, from the agency or from the ICE Field Office Director. (*Id.* ¶¶ 10–11.)

As of May 19, 2020, the Government avers that ICE plans to transfer Toledo-Ortega to an intermediate staging point in the United States in advance of a June repatriation flight to Ecuador. (*Id.* ¶ 15.)

On May 26, 2020, the Court held the second hearing, by teleconference, on Petitioner's Motion for a Preliminary Injunction. (May 26, 2020 Minute Entry [Doc. No. 16].) Counsel for Petitioner, Albert Usumanu, and Counsel for Respondents, Adam Hoskins, appeared and argued their respective positions. (*Id.*)

## II. DISCUSSION

A motion for injunctive relief is governed by the factors set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113–14 (8th Cir. 1981) (en banc).[1] However, where a Court lacks subject matter jurisdiction over a motion for injunctive

---

[1] Courts consider the following *Dataphase* factors: (1) the likelihood of success on the merits; (2) the presence of irreparable harm to the moving party absent injunctive relief; (3) the balance between this harm and the harm an injunction would cause other parties; and (4) the public interest. 640 F.2d at 113–14.

4

relief, it need not address the *Dataphase* factors. *Ruiz v. Johnson*, No. 14-cv-1721 (MJD/TNL), 2014 WL 2511094, at *3 (D. Minn. June 4, 2014); *Buezo v. Banieke*, No. 08-cv-206 (DWF/RLE), 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008); *accord Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Here, because the Court lacks jurisdiction, as discussed below, it is unnecessary to address the *Dataphase* factors.

### A. Mootness

The Constitution limits federal courts' jurisdiction to actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. If "'the issues presented are no longer live,' . . . a case or controversy under Article III no longer exists because the litigation has become moot." *Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). A party lacks a cognizable interest when "'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Id.* (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).

In his Motion for a Preliminary Injunction, Toledo-Ortega argues that his impending removal poses "a clear violation of his right to reopen his removal case," in violation of his right to due process. (Pet'r's Mot. for Prelim. Inj. at 2.) His requested injunctive relief is to "preserve the status quo"—essentially, to stay his removal—while his Motion to Reopen remains pending in Immigration Court, and to be immediately released from custody. (*Id.* at 2–3.) In his supplemental memoranda, he also argues that the Fifth Amendment and the

Administrative Procedure Act protect him from "arbitrary governmental interference with his rights and liberty." (Pet'r's Supp'l Mem. [Doc. No. 13] at 3.)

As noted, at the initial hearing on his motion, counsel for the Government agreed to not remove Petitioner until the Court had the opportunity to rule on his motion for injunctive relief. (*See* April 29, 2020 Minute Entry.) Accordingly, except for his request for immediate release, Toledo-Ortega received his requested relief, in the form of a de facto stay of removal while his Motion to Reopen was pending in Immigration Court. The Immigration Court has since ruled on his motion, which included the consideration of Petitioner's arguments about the pandemic conditions in Ecuador. (O'Denius Supp'l Decl. ¶ 7 & Ex. A at 2.) The Court thus finds that Petitioner's request to stay his removal pending the review of the Immigration Judge is moot, because changed circumstances have "provide[d] the requested relief" in this regard, and have "eliminated the need for court action." *McCarthy*, 359 F.3d at 1035. Accordingly, the Court lacks jurisdiction to consider this aspect of Petitioner's motion.[2]

---

[2] The Court also notes that Toledo-Ortega's only claim in his habeas petition involves the conditions at the Sherburne County Jail, and his concerns about contracting COVID-19 in that particular facility. (Pet. at 1–7.) His request for release is specific to the Sherburne County Jail, as he states, "The only option to protect Plaintiff[] and others from COVID-10, given the current conditions at Sherburne County Detention Center, is to release Petitioner from detention." (*Id.* at 4.) This claim appears to be moot, as Toledo-Ortega is no longer in custody in the Sherburne County Jail, and has been transferred to the Kandiyohi County Jail, (Supp'l O'Denius Decl. ¶ 14). *See Brazil*, 892 F.3d at 960 (citations omitted) ("[A]n action seeking an injunction to alter prison conditions becomes moot once the plaintiff transfers to another facility.").

### B. Judicial Review of Orders of Removal

In addition, pursuant to § 1252(g), "[n]otwithstanding any other provision of law," federal courts are divested of subject matter jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter."  8 U.S.C. § 1252(g) (emphasis added).  Courts have found that this provision authorizes the Government to make "discretionary determinations" about the execution of a removal order, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999), and applies to claims of constitutional violations.  *See Elgharib v. Napolitano*, 600 F.3d 597, 606 (6th Cir. 2010) (finding that the Constitution qualifies as "any other provision of law."); *Sheikh v. Sessions*, No. 17-cv-5330 (JNE/HB), 2017 WL 6033674, at *1 (D. Minn. Dec. 6, 2017) (finding that petitioner's claims—including constitutional due process claims—arose from the execution of a removal order, and the court lacked jurisdiction pursuant to § 1252(g)).

Toledo-Ortega argues that he is not challenging ICE's discretionary authority, but rather its legal authority to exercise its discretion.  (Pet'r's Supp'l Mem. at 2.)  The Eighth Circuit Court of Appeals has held, however, that a "claim that is 'connected directly and immediately' to a decision to execute a removal order arises from that decision." *Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (citation omitted).  Moreover, the Eighth Circuit has found that § 1252(g) does not distinguish between discretionary and nondiscretionary decisions.  *Id.*  Rather, "[s]o long as the claim arises from a decision to execute a removal order, there is no jurisdiction." *Id.*  Several judges within this District have found that a petition seeking a stay of a removal order pending the outcome of a

7

motion to reopen falls within § 1252(g), and strips the Court of jurisdiction. *See Abukar v. Whitaker*, No. 18-cv-3254 (DSD/KMM), 2018 WL 6191149, at *2 (D. Minn. Nov. 28, 2018) (finding request for stay of removal was directly related to the Attorney General's decision to execute a removal order, over which the court lacked jurisdiction); *Mohamed v. Sessions*, No. 18-cv-1750 (DSD/HB), 2018 WL 3574887, at *2 (D. Minn. July 25, 2018) (holding that request to stay removal was directly related to the Attorney General's removal decision, stripping the court of jurisdiction under § 1252(g)); *Sheikh*, 2017 WL 6033674, at *1 (finding that despite taking the form of a habeas petition, petitioner's claims arose from the execution of a removal order, over which the court lacked jurisdiction); *Adan v. Sessions*, No. 17-cv-5328 (MJD/BRT), 2017 WL 6001740, at *2 (D. Minn. Dec. 4, 2017) (holding that request to stay execution of removal order "is clearly challenging ICE's decision to execute a removal order," and "falls squarely under § 1252(g)," divesting the court of jurisdiction).

In *Silva*, although the Eighth Circuit acknowledged that *Jama v. Immigration and Naturalization Service*, 329 F.3d 630 (8th Cir. 2003), created a narrow exception to § 1252(g) for habeas claims that raise purely legal questions, the Court finds that that exception is inapplicable here. *Silva*, 866 F.3d at 941. Even assuming the viability of *Jama*, which pre-dates the broad jurisdiction-stripping amendments to § 1252(g) pursuant to the 2005 REAL ID Act, it is distinguishable from these facts. While the petitioner in *Jama* challenged the construction of a statute, Toledo-Ortega's claims involve a fact-intensive inquiry into whether the conditions in Ecuador have changed such that his removal must be prevented, whether the conditions in the Sherburne County Jail pose a

risk to his health, and whether his due process rights have been violated. *See Abukar*, 2018 WL 6191149, at *2 (finding *Jama* exception inapplicable where petitioner's fact-specific claims concerned conditions in Somalia and due process violations).

The plain language of § 1252(g) divests this Court of jurisdiction to afford Petitioner the relief that he seeks. The Court therefore joins the other judges of this District who have found, under the same facts, that the habeas claims brought by a petitioner to stay his removal clearly challenge the authority of the Government to execute his removal order, and fall within § 1252(g). As the Court lacks jurisdiction, Petitioner's motion must be denied.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jose Hernando Toledo-Ortega's Motion for a Preliminary Injunction [Doc. No. 9] is **DENIED**.

Dated:  May 28, 2020                                              s/Susan Richard Nelson
                                                                                    SUSAN RICHARD NELSON
                                                                                    United States District Judge

9